UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY S. LOPEZ,

    Petitioner,

v.                                       Case No. 04-C-0054

RANDALL HEPP,

    Respondent.

DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO STAY BRIEFING AND MOTION FOR DETERMINATION OF PROCEDURAL DEFAULT (DOC. # 38); AND DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (DOC. # 34)

Petitioner, Gregory S. Lopez, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1998, Lopez was convicted in Milwaukee County Circuit Court of two counts of second-degree sexual assault of a child and one count of enticing a child for purposes of engaging in sexual contact, in violation of Wis. Stats. §§ 948.02(2) and 948.07(1). He was sentenced to consecutive twenty-year prison sentences on all three charges. The trial court stayed the sentence on one of the sexual assault charges and imposed a ten-year term of probation, to run consecutively to the other sentences.

Lopez's initial habeas petition was filed on January 16, 2004. In that petition, Lopez alleged that his due process rights were violated because the trial court failed to explain adequately its reasoning in issuing an unduly harsh sentence. (*See* Doc. # 1.) The respondent answered, and Lopez moved to stay the proceedings pending exhaustion of his claims in state court. This court granted Lopez's motion and the proceedings were stayed. (Doc. # 27.)

1

On November 15, 2007, Lopez moved to reopen these proceedings, contending that he has now exhausted all of his federal law claims in state court. (Doc. # 28.) This court granted the motion to reopen, and permitted Lopez to file an amended petition for a writ of habeas corpus. (Docs. # 29, 33.)

Lopez's amended petition was filed on September 9, 2009. In the amended petition (which is the operative petition before the court), Lopez asserts one ground for relief: cruel and unusual punishment in violation of his rights under the Eighth Amendment to the U.S. Constitution. (Am Pet. 6 (Doc. # 34).) Thereafter, the respondent answered the amended petition, and asserted that the petition should be denied based on the doctrine of procedural default. (Answer to Am. Pet (Doc. # 35).) Pursuant to this court's briefing schedule, Lopez filed a brief in support of his amended petition on November 10, 2009. On November 12, 2009, the respondent filed a "Motion to Stay Briefing and Motion for Determination of Procedural Default." (Doc. # 38.) In that motion, the respondent requests that this court resolve whether Lopez procedurally defaulted his Eighth Amendment claim before requiring the parties to brief the merits of the petition. Lopez never responded to the respondent's motions to stay and for determination of procedural default.

"Before seeking habeas relief, a petitioner must fairly present his federal claims at each level of the state's courts for their review." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A) and *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)). "The natural corollary of this requirement is that when a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each

level of review those claims are procedurally defaulted." *Id.* (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)).

"When reviewing a petition for a writ of habeas corpus, a federal court will not review a question of federal law if the state decision rested on an adequate and independent state ground for dismissal, including a state procedural rule." *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009) (citing *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003); *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "A finding of waiver by the state postconviction court is enough to establish an adequate and independent state ground." *Id.* (citing *Daniels v. Knight*, 476 F.3d 426, 431 (7th Cir. 2007)). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30. "[W]hen a claim is procedurally defaulted, that bars our review of the claim, unless the petitioner can demonstrate both cause for and prejudice from the default or that a miscarriage of justice will occur if we do not consider his claims." *Woods*, 589 F.3d at 373 (citing *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006)).

As noted, Lopez's sole ground for habeas relief is that his "sentence violated cruel and usual punishment prohibition in Eighth Amendment to U.S. Constitution." (Am. Pet. 6.) The respondent asserts that the Wisconsin Court of Appeals rejected this claim because Lopez failed to raise it in his direct appeal under Wis. Stat. §§ 809.30 and 974.02, or in his initial collateral challenge under Wis. Stat. § 974.06. (Answer to Am. Pet. 3-4).

Here, the record is less clear than the respondent suggests. At various stages, the state courts were presented with multiple arguments as to why Lopez's lengthy

3

sentence was improper. Moreover, Lopez failed to respond to the respondent's argument regarding procedural default, leaving this court to comb the record to determine whether Lopez's Eighth Amendment claim (as opposed to due process or other claims) was resolved by the state court on the basis of procedural default.

If it is uncertain from the state court's order whether any reliance was placed on independent and adequate state grounds in disposing of a claim, the federal court "must make a determination on the record that the state court was presented with." *Woods*, 589 F.3d at 375. "Specifically, we look to the nature of the disposition and the surrounding circumstances to determine whether the state court relied on an independent and adequate state law ground in disposing of the claim, or whether 'the state court decision fairly appears to rest on federal grounds or is interwoven with federal law.'" *Id.* (quoting *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993); *see also Williams v. Washington*, 59 F.3d 673, 678 n.3 (7th Cir. 1995) (looking to state court briefs to determine the basis of the appellate court's holding). Inasmuch as the last state court to speak on the matter provided multiple reasons for denying Lopez's postconviction claims, a thorough discussion of the procedural history is appropriate.

Following sentencing, Lopez, through counsel, filed a motion pursuant to Wis. Stat. § 809.30(2)(h) for sentence modification, contending the sentencing court erroneously exercised its discretion by imposing an unduly harsh sentence in violation of his due process rights. (*See* Answer to Pet. Ex. A.) On November 23, 1998, the circuit court denied the motion concluding that under the totality of the circumstances, "the sentences imposed are not unduly harsh." (*Id.*) Lopez then appealed his conviction and sentence, as well as the circuit court's denial of his motion for a sentence adjustment. (*See id.* Ex.

B). On March 13, 2000, the Wisconsin Court of Appeals affirmed Lopez's conviction and sentence. (*Id.* Ex. E.) The court of appeals observed, among other things, that

> [w]hile it is undoubtedly true that Lopez received harsh sentences for his crimes, the circuit court properly exercised its discretion in imposing them. The sentences are not so harsh or unconscionable as to 'shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.'" *Ocanas v. State*, 70 Wis. 2d 179, 185, 233 (1975)

(*Id.*) The Wisconsin Supreme Court denied Lopez's petition for review on May 23, 2000.

On March 4, 2002, Lopez filed a pro se motion pursuant to Wis. Stat. § 974.06, contending that his trial counsel was ineffective for failing to challenge the charges as multiplicitous, and that his appellate counsel was ineffective in failing to raise this issue in a postconviction motion or on direct appeal. The circuit court denied the motion, and the court of appeals affirmed. *See State v. Lopez*, 2007 WI App 183, 304 Wis. 2d 633, 736 N.W.2d 542 (unpublished) (discussing the procedural history of Lopez's case).

Thereafter, Lopez initiated this federal habeas action. As noted, this proceeding was stayed on June 16, 2004, at Lopez's request. Returning to state court, Lopez, with new counsel, filed a second postconviction motion pursuant to Wis. Stats. § 974.06 on August 29, 2005, in the circuit court. Lopez asserted that his appellate/postconviction counsel was ineffective for failing to argue that his sentence was so disproportional to similarly situated defendants as to be cruel and unusual under the Eighth Amendment. (*See* Answer to Am. Pet. Ex. K; Am. Pet. Attachments.) The circuit court denied relief stating that Lopez is barred "from filing another motion asserting the ineffective assistance of postconviction/appellate counsel" under § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 169 (1994), which "requires a defendant to raise all

5

grounds for postconviction relief in his original motion or appeal." The circuit court noted that there is no reason why the defendant could not have raised these claims in his previous motions. (*Id.*)

Lopez appealed. In his brief to the Wisconsin Court of Appeals, Lopez acknowledged that the Wisconsin Supreme Court's decision in *Escalona-Naranjo* "generally requires all grounds for postconviction relief [to] be brought in an original Motion to Appeal," but he contended that an exception applies where a procedural bar comes "at the expense of justice." (Answer to Am. Pet. Ex. K.) He asserted that "the claims in this appeal deal with appellate counsel's failure to bring an obvious appellate issue: an unconstitutionally harsh sentence." (*Id.*) In framing the issue for the court, Lopez stated that the appeal

> addresses a violation of the Eighth and Fourteenth Amendments to the U.S. Constitution as illustrated by comparing Lopez's case to other similarly situated defendants. Such an analysis could have, and should have, been completed in the previous appeals. However, previous appellate counsel only addressed the "abuse of discretion" standard, and completely failed to compare the Defendant's sentence to similarly situated defendants. Such an argument is part and parcel of determining whether or not a particular defendant was dealt with in an unduly harsh manner by a particular Trial Court. In order to determine whether or not a particular defendant was dealt with in an unduly harsh manner, one must look at how other defendants are sentenced.

(*Id.*) Lopez further contended that "only the most aggravated sexual assault cases result in more than a decade in prison," and that appellate counsel should have made this point "in terms of both 'abuse of discretion' as well as in constitutional terms." (*Id.*) With this, Lopez reiterated that "the *Escalona-Naranjo* bar is certainly significant, but it is not an absolute procedural brick wall. In a case of this magnitude, involving an extremely harsh

6

sentence above and beyond all other similarly situated defendants, this Court should reach the merits of the substantive arguments." (*Id*.)

The bulk of Lopez's brief is, thereafter, directed to (1) appellate counsel's ineffective assistance in failing to address the denial of Lopez's due process right to be sentenced based on accurate information and with a "proper explanation" by the sentencing judge; and (2) appellate counsel's ineffective assistance "by failing to properly address the sentence imposed as being so grossly disproportionate when compared to similarly situated defendants as to violate the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution." (*Id.*)

The state responded to Lopez's appeal, highlighting the trial court's finding that there is no reason Lopez could not have raised these issues in his previous postconviction motion. (*Id.* Ex. L.) The state further argued that case law undercuts Lopez's contention that the court could ignore the procedural bar identified in *Escalona-Naranjo*. (*Id.*) Addressing the merits of Lopez's arguments, the state contended that (1) the sentencing court's "explanation of Lopez's sentence satisfied due process" and (2) that "Lopez's sentence does not violate his right to be free from cruel and unusual punishments." (*Id.*) As to the latter argument, the state explained that the appellate court previously rejected Lopez's argument that the sentencing court misused its authority in imposing a harsh sentence, and he cannot now dress such a claim as an Eighth Amendment violation. (*Id.*) Additionally, the state discussed Eighth Amendment challenges based on proportionality, and asserted that Lopez's sentence is not so extreme as to violate the Constitution. (*Id.*)

On June 26, 2007, the Wisconsin Court of Appeals issued a decision affirming the circuit court's denial of Lopez's second § 974.06 postconviction motion. The court prefaced the decision by observing that "trial court denied the motion on the ground that Lopez's claims were barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). We agree, and accordingly, affirm." *Lopez*, 2007 WI App 183, ¶ 1. The court discussed the history of the case, finding that it previously rejected Lopez's claim that the sentencing court abused its discretion in imposing a harsh sentence. (*Id.* ¶ 6.) It framed Lopez's current motion as contending that "the trial court 'failed to carefully explain' the sentence and that Lopez's sentence was 'disproportionally' harsh compared to other defendants sentenced to comparable crimes in Milwaukee County." (*Id.* ¶ 6.) Additionally, it noted Lopez's position that the comparative sentence analysis is "newly discovered evidence," and that the "'overall equities of the case' should weigh against the application of the procedural bar." (*Id.*)

The court held that "because Lopez has already litigated the issues of whether the trial court erroneously exercised sentencing discretion and whether the sentence was harsh and excessive, he cannot raise those issues again, 'no matter how artfully he may rephrase them.'" (*Id.* ¶ 8 (quoting *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991)). The court further held that

> Lopez's comparison of his sentence to the sentences of other defendants does not constitute a 'sufficient reason' to avoid the procedural bar of *Escalona-Naranjo*. Lopez does not explain why this comparative sentence argument could not have been raised in his prior Wis. Stat. § 974.06 motion. . . . We also discern nothing in the 'overall equities' of this case to excuse Lopez from the procedural bar. The court has already rejected Lopez's argument that the sentence was harsh or excessive. This latest 'spin' on the argument does not alter

8

> our conclusion. Therefore, the trial court properly ruled that Lopez's latest challenge to his sentence was procedurally barred.

(*Id.* ¶ 9.) The Supreme Court denied review September 10, 2007.

The language used by the court of appeals in the last paragraph gives this court pause to the extent that it appears to combine the issues of res judicata and procedural default. Also, the court sidesteps the ineffective assistance claims as presented, going directly at the grounds for relief on which the ineffective assistance claims are based.

Taken apart, the court of appeals first held that Lopez's argument that his sentence was unduly harsh was considered earlier and was rejected by the state courts. Such a holding by the state court does not preclude federal review. "[R]es judicata is not an adequate bar to federal review." *Daniels,* 476 F.3d at 431 (citing *Moore v. Bryant*, 295 F.3d at 775-77 (7th Cir. 2002). In the context of a federal habeas corpus petition, "a state court's invocation of res judicata 'simply means that the state courts have already resolved the matter and want nothing more to do with it.'" *Id.* (citing *Moore*, 295 F.3d at 776 n.1); *see also Page,* 343 F.3d at 907 ("Here, the Court of Appeals of Wisconsin based its disposition of the ineffective assistance of postconviction/appellate counsel claim on its conclusion that the merits of the claim were resolved previously. Such a merit-based determination is not a bar to further consideration in a federal habeas action; 'federal review is precluded only by procedural forfeitures, not by res judicata concerns.'" (quoting *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997)).

Second, the court of appeals held that Lopez's argument that the sentence was so grossly disproportional compared to similarly situated defendants as to violate the

Eighth Amendment is procedurally barred under state law. On this point, the court's decision "clearly and expressly" rested on § 974.06(4) as interpreted by the Wisconsin Supreme Court in *Escalona-Naranjo*. *See Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) ("The state court therefore must have 'clearly and expressly' relied on procedural default as the basis of its ruling."). The Seventh Circuit recognizes that such a conclusion bars federal habeas review of the claim inasmuch as it "rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *See e.g.*, *Page*, 343 F.3d at 905. (noting that "[in *Escalona-Naranjo*, the [Wisconsin Supreme Court] held that constitutional claims that could have been raised on direct appeal or in a § 974.02 postconviction motion cannot later be the basis for a collateral motion pursuant to § 974.06.").

Thus, the question before this court is whether Lopez's sole ground for federal habeas relief—that his sentence violated the cruel and unusual punishment prohibition in Eighth Amendment—is wholly based on his comparable sentence analysis presented to the state court. Notably, Lopez does not present this court with a claim of ineffective assistance of counsel (which is how he presented his most recent § 974.06 claims to the Wisconsin courts), nor does he assert violations of due process (which is how he presented his initial § 2254 claims to this court). Thus, it is apparent that Lopez presented distinct claims to the Wisconsin courts, only one of which addressed cruel and unusual punishment under the Eighth Amendment. Because the state courts determined this claim to be procedurally forfeited, Lopez's federal habeas petition must be denied.

Lopez's initial argument that the sentencing court failed to articulate its reasoning behind the sentence, and that the sentence was unduly harsh, is not the Eighth

Amendment claim he now presents to this court. These arguments, offered as due process claims, formed the basis of Lopez's initial § 2254 petition before this court, which he has since abandoned. (*See* Docs. # 1, 2, 12, 17.) In response to this initial argument, the respondent maintained that Lopez did not fairly present the allegedly constitutional claims to the state court (Doc. # 17) and thereafter Lopez agreed that this proceeding should be stayed so that he could "exhaust the state remedies on the Eighth Amendment, Cruel and Unusual Punishment, question." (*see* Docs. # 37, 25[1]).

Following the stay, Lopez presented his second § 974.06 postconviction motion to the Wisconsin courts, asserting for the first time that appellate counsel was ineffective *for failing to argue* that his sentence violated the Eighth Amendment. Acknowledging that his Eighth Amendment claim was likely subject to procedural bar under *Escalona-Naranjo*, Lopez asserted specifically that the court should reach the merits of the claim given the magnitude of his case. The state responded to these arguments in kind, and the appellate court ruled on the issues as presented.

Lopez acknowledges that the Eighth Amendment claim presented in his Amended § 2254 Petition concerns the same point presented to, and dismissed as procedurally barred by, the Wisconsin Court of Appeals in *State v. Lopez*, 2007 WI App 183. In his "Reply Brief to Respondent's Answer to Amended Petition for Writ of Habeas Corpus," Lopez again submits that his sentence is unconstitutional when compared to similarly situated defendants. (*See* Doc. # 37.) The brief makes no other argument that

---

[1] In support of his motion to stay, Lopez contended, among other things, that "the original appeals court brief from the Petitioner's [previous] attorneys had substance of only four pages long, and failed to mention any Federal or Constitutional grounds for said relief." (Doc. # 25.)

11

this court could interpret as outside the procedural bar forming the basis of the court of appeals' decision.

Inasmuch as Lopez's ground for federal habeas relief has been procedurally defaulted, this court is precluded from further review "unless the petitioner 'can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice.'" *Brown v. Waiters*, 599 F.3d 602, 609 (7th Cir. 2010) (quoting *Johnson v. Hailed*, 574 F.3d 428, 430 (7th Cir. 2009)). The issue of "cause" ordinarily requires the petitioner to establish that some external impediment prevented him from complying with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, Lopez did not respond to the respondent's procedural default argument, and without more, there are no grounds for the court to find cause or prejudice. Further, the court cannot determine that failure to consider the claim would qualify as a fundamental miscarriage of justice.

Finally, pursuant to the Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability will issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the last court to speak on Lopez's claim clearly and expressly concluded that his Eighth Amendment challenge is procedurally barred. Lopez acknowledged this possibility in his brief to the Wisconsin Court of Appeals, and he presents no opposition to the respondent's argument in this court. Therefore,

IT IS ORDERED that respondent's unopposed motion to stay briefing and for determination of procedural default (Doc. # 38) is granted.

IT IS FURTHER ORDERED that the petitioner's amended petition for writ of habeas corpus (Doc. # 34) is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVER, JR.
CHIEF U. S. DISTRICT JUDGE